### 26569. NOTH *v.* DAVIS.

Decided March 18, 1938.

*R. Noel Steed,* for plaintiff in error.
*C. N. King, W. B. Robinson,* contra.

Stephens, P. J. Mrs. Clarence H. Davis brought suit against Earnest G. Noth to recover for damages alleged to have been received by her as a result of the negligent, wrongful, wilful, and wanton conduct of the defendant in coming to the plaintiff's house and entering her room unannounced where she was confined with a female trouble known as "change of life," from which she had been suffering for approximately two months, and with knowledge of her condition, and in her presence, with his right hand in his right front pants' pocket, abusing the plaintiff's husband in a violent, threatening, and belligerent manner, stating in a rough way that he had come to settle his differences with him, and had brought his wife and niece along as witnesses, accusing the plaintiff's husband of being a dishonest man, a man of no integrity and of no intelligence, and being a sorry and useless piece of humanity, which, if it were not true, the plaintiff's husband would not have al-

lowed his personal property to have been stolen from a house on the premises, and disputing the word of the plaintiff and her husband and "making them out" liars, and by reason of his attitude and highly agitated tone of voice, causing the plaintiff to believe that he was going to shoot her husband, and by his conduct frightening and scaring her, and caused her to receive physical injuries which consisted in a shock to her nervous system which rendered her a nervous wreck, caused her to become violently ill and fall on the floor, and to immediately become stricken over her entire body and muscles with a jerking and twitching which caused her to suffer great and excruciating pain and agony to various parts of her body, as well as mental agony, and to lose considerable sleep at night, and, at the slightest noise, to jump and jerk throughout her entire nervous system and the muscles of her body, and to become prostrated for a considerable time and to awake early without apparent cause. It was further alleged in the petition that the alleged injuries resulting from the alleged conduct of the defendant were such that they could have been reasonably foreseen and anticipated as the direct, natural, and probable consequences and result of the alleged acts and conduct of the defendant. It was further alleged in the petition that the plaintiff, prior to the occurrence complained of, had always been strong and healthy and did her household and kitchen work. The plaintiff further alleged that as a result of the conduct of the defendant she was damaged in the sum of $3,000. The court overruled the defendant's general demurrer to the petition and the defendant excepted.

The court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Sutton and Felton, JJ., concur.*